(Hamilton Co., Court of Common Pleas.)

BISHOP v. THE CINCINNATI CHAMBER OF COMMERCE, AND MERCHANTS EXCHANGE.

1. This court has no jurisdiction to supervise the action of the board of directors of the chamber of commerce in the trial of a member of the chamber on a charge of unmercantile conduct

2. A member of the chamber of commerce who stands suspended until he submits to a public reprimand is not confronted by an irreparable injury with no adequate remedy at law, and an injunction in his behalf will not lie against the chamber.

---

MURPHY J.

On the 31st day of December, 1896, the plaintiff was a member of the Merchants' Exchange and Chamber of Commerce of Cincinnati. He was then and now is engaged in the flour trade At that time Lyman Perin & Sons were engaged in the same business, and were also members of the above named mercantile body. On the day mentioned Lyman Perin, Jr., a member of the firm of Lyman Perin & Sons, made a charge of unmercantile conduct against the plaintiff, to the officers of the Chamber of Commerce. Under the rules of that body the charge was referred to a committee for the purpose of effecting a reconciliation between the parties, if possible. Failing to effect such reconciliation, under another rule the charge was referred to the entire Board of Directors for trial. The trial was begun on the 12th day of January, 1897, and the testimony heard. Before the testimony was all heard three of the directors were excused from further attendance that day, to-wit: John S. Shillito, John W. Dunn and William L. Hunt, and in the order named. After the testimony had been all heard, some of the members urged postponement of the vote as to the guilt or innocence of the accused, to enable them to give more consideration to the evidence than they had given it; while others favored a vote then and there. There is a difference of opinion shown by the testimony as to the effect this vote was intended to have. The testimony had been taken in shorthand by Frank Cook, and he was

COPYRIGHT, 1898, BY CARL G. JAHN.

asked when he could have it transcribed into long-hand, and answered that it would take him about three days. A vote was taken by ballot, resulting in six voting "guilty" and two "not guilty". After this vote was taken the meeting of the Board adjourned until Friday, January 15th. At a meeting of the Board of Directors held January 15th, a vote of the guilt or innocence of Mr. Bishop was taken, resulting in eight votes for "guilty" and three "not guilty", (Mr. Gibbs not voting). At this meeting John W. Dunn was present and voted "guilty". Messrs. Shillito and Hunt also attended and voted "not guilty." And thereupon the Board of Directors fixed the penalty that Mr. Bishop should be publicly reprimanded by the presiding officer of the Chamber of Commerce. January 20, 1897, at one o'clock P. M., was fixed as the time when such reprimand should be administered to him. Mr. Bishop failed to attend at the time and place fixed for the reprimand, but, instead, sent a letter in which he declined to present himself for public reprimand by the presiding officer of the Chamber of Commerce. Up to this time no right or privilege which Mr. Bishop possessed as a member of the Cincinnati Chamber of Commerce was in any manner abridged or suspended. Mr. Bishop having refused, in writing, to attend and receive the public reprimand, James M. Glenn and four other members of the Chamber of Commerce filed charges of contempt against him, with the Board of Directors. Of this charge and the time fixed for the hearing Mr. Bishop had due notice; but, instead of attending the trial, he, through Mr. Littleford, his attorney, denied the power and jurisdiction of the Board of Directors of the Chamber of Commerce to try him, and declined to be present at the trial of the charges of contempt. And thereupon the Board heard the testimony, found him guilty, and sentenced him to indefinite suspension.

So the matter rested until the 19th day of February, 1898, neither party taking any action in the premises, when Mr. Bishop sought admittance to the floor of the Chamber of Commerce, which was refused him on account of the sentence of indefinite suspension.

The trial of Mr. Bishop on the charge of unmercantile conduct was under section 8. article V of the by-laws of the Chamber of Commerce (the trial of January 12 and 15, 1897).

And the trial for contempt was under section 9 of article V (the trial of January 22, 1897).

On February 23, 1898, the plaintiff filed his petition in which he asks $10,-000 as damages, and also asks that the defendant be enjoined perpetually from interfering with him as a member or

abridging his rights and privileges as such.

This court has no jurisdiction to supervise the action of the Board of Directors in the trial of a member of the Chamber of Commerce—it is not a court of errors with power and authority to review their action.

Undoubtedly if a frivolous, or what amounted to no charge at all, were filed against a member, or if it were attempted to establish his guilt by palpable fraud, this court could and would interfere. But no such case is made out by the evidence submitted to me.

The penalty of the indefinite suspersion, of which the plaintiff complains, is not the penalty sought to be inflicted upon him by reason of his having been found guilty of unmercantile conduct, on January 15, 1897, but as the penalty fixed on the charge of contempt tried January 22, 1897, and concerning the regularity of which there is no complaint. But plaintiff contends that the finding of him guilty on January 15, 1897, is null and void, and therefore he cannot be guilty of contempt in not submitting to a penalty based on a void finding of guilt.

I think this contention is not sound; for the reason that that was a defense which should have been made at the time, and to the tribunal before which the charge of contempt was being tried, and by not making it then and there it was waived. True, he denied the power and jurisdiction of the Board of Directors to try him for contempt; but that denial of jurisdiction is put on very different grounds by Mr. Littleford in his letter to the Board of Directors. I quote from it:

"I beg leave to suggest that this trial (referring, doubtless, to the trial for unmercantile conduct) having been finished and sentence fixed, and the time for carrying this sentence into execution having passed, this ends the matter, and the Board is without further power to punish Mr. Bishop, either on account of the charges or because he did not in person attend to submit to the reprimand. * * * I therefore suggest that any further attempt on the part of the Board of the Chamber of Commerce to inflict a further penalty upon Mr. Bishop is entirely gratuitous and beyond the scope of the powers of either."

There is another reason why this Court should not use the extraordinary power of the writ of injunction in this case: An injunction will only issue where there is irreparable injury and no adequate remedy at law. It is to be borne in mind that the plaintiff is still a member of the Chamber of Commerce, and has every right and benefit arising therefrom, save only that until he submits to the sentence of reprimand he can not go upon the floor of the Cham-

ber. The plaintiff need not have recourse to law, even, for an adequate remedy. He has one in his own hands. To be restored to all his rights in the premises he has only to submit to a public reprimand. But he says that to do this would be to suffer an indignity, and that unjustly, too. Be that as it may, equity has more important matters to preserve than the dignity of anyone.

The injunction is refused.